THE ALLEN ENGINEERING COMPANY *v.* KAYS.

Opinion delivered January 13, 1913.

STATE—SUIT AGAINST.—A suit in replevin against the Board of Trustees of the State Agricultural School of the First District, to recover certain fixtures installed in said school under contract, said contract being signed by the president of the school, per order of the board of trustees, is in effect a suit against the State, and is within the inhibition of the Constitution (art. 5, § 19), which declares that "the State of Arkansas shall never be made a defendant in any of her courts."

Appeal from Craighead Circuit Court, Jonesboro District; *Frank Smith,* Judge; affirmed.

STATEMENT BY THE COURT.

The appellant brought suit in replevin against appellees, the Board of Trustees of the State Agricultural School of the First District of Arkansas, for certain machinery installed by it in the school building at Jonesboro for the lighting thereof. It alleged that the property was contracted for by the defendant, installed in the building and that the title thereto remained in it until the purchase money was fully paid and that only half of the purchase money had been paid by the defendants, who refused, after repeated demands to pay the remainder, and prayed judgment for the return of the property and damages.

The contract was exhibited with the complaint and consists of a proposal by letter by appellant company to the Board of Trustees of the State Agricultural School to sell them certain machinery and appliances describing it for lighting the building, upon conditions named, one of which is:

"The title and right of possession to the materials herein specified remains in the company until all payments hereunder (including deferred payments and any notes or renewals thereof if any) shall have been fully made in cash, and the materials shall remain the personal property of the company, whatever may be the mode of its attachment to the realty or otherwise, until fully paid for in cash. Upon failure to make payments as herein specified, the company may retain any and all partial payments which have been made as liquidated damages and shall be entitled to take immediate possession of said property and be free to enter the premises where said materials may be located, and remove same as its property without prejudice to any further claims on account of damage which the company may suffer from any cause."

This proposal was accepted by the State Agricultural School, by V. C. Kays, president, per order of the

board of trustees. Appellees demurred to the complaint, alleging as grounds therefor, first, that it shows on its face that defendants are not proper parties thereto; second, that it does not state facts sufficient to constitute a cause of action against them.

The court sustained the demurrer and, appellant, declining to plead further, the court dismissed the action, from which judgment appellant appealed.

*E. L. Westbrooke,* for appellant.

This is not a suit against the State within the meaning of art. 5, § 19, of the Constitution, but is purely a possessory action against certain men who wrongfully hold property which does not belong to them, under an agreement in writing which they themselves made, whereby the title to the thing purchased remained in appellant until full payment of the purchase money. The demurrer admits the allegations of the complaint. Plaintiff asks no affirmative action from the State, the effect of the suit could in no sense be considered as enforcing specific performance of the State's contract.

That the right to maintain this suit in no way conflicts with the decisions of this court in *Pitcock* v. *State,* 91 Ark. 527, and *Jobe* v. *Urquhart,* 98 Ark. 525, see 42 Ore. 82, 93; 134 U. S. 1; 165 U. S. 113, 114, 41 Law Ed. 653; 167 U. S. 204; 106 U. S. 196, 222; 22 Am. St. Rep. 624; 45 Ark. 88.

*John R. Turney,* for appellee.

If the object of this suit is to control the action of the board of trustees as agents of the State, it amounts to a suit for the specific performance of the State's contract and is not maintainable. 91 Ark. 528. The complaint and exhibits show that any right appellant has to the property arises by virtue of a contract with the State. There is no privity whatever between appellant and the trustees as individuals.

The cases cited in support of appellant's contention are based upon principles which have no application to the case at bar.

Kirby, J., (after stating the facts). Appellant brings this suit in replevin for the machinery and appliances installed in the State Agricultural School for the First District at Jonesboro, under the terms of a contract of sale thereof made by it with the directors of said school, in which it reserved the title to the property until it was paid for and the right to take possession thereof upon the failure to pay the remainder of the purchase price.

Appellees have no interest, whatever, in the property, in their individual capacity, nor connection with it, except as representatives of the State as trustees of said school. The school, itself, is but a governmental agency, not authorized by the statutes to sue and be sued and the recovery is sought under the terms of the contract made with this governmental agency necessarily involving its rights and being in effect and in fact but a suit against the State. No relief is sought against appellees in their individual capacity and none can be had against them as representatives of the agency of the State and its sovereignty, for our Constitution declares: "The State of Arkansas shall never be made defendant in any of her courts." Art. 5, § 19; *Pitcock* v. *State,* 91 Ark. 527; *Jobe* v. *Urquhart,* 98 Ark. 525.

The judgment is affirmed.

Justice Hart concurs in the judgment. Justice Smith, being disqualified, did not sit in this case.