WIERZBICKI, EXRX., APPELLANT, *v.* CARMICHAEL ET AL., APPELLEES.*

(No. 26060—Decided January 17, 1963.)

---

*Motion to certify record overruled (38086) June 12, 1963.

240

*Mr. Frank Leonetti*, for appellant.

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. John T. Dowling*, for appellees.

DOYLE, J. This case relates to the right of a hospitalized patient, receiving the services of a county hospital, to recover damages from the members of the board of trustees of the county hospital for personal injury claimed to have been received as the direct and proximate result of the negligence of the members of said board, acting through their servants and employees in the operation of the hospital, while the patient was in attendance for treatment and care.

The suit was brought by the executrix of the estate of Frank Wierzbicki (plaintiff's decedent died approximately three months after the injury) against various named trustees of Highland View Cuyahoga County Hospital, who, as alleged in the petition, operated, managed and controlled "an institution organized and existing under and by virtue of the statutes of the state of Ohio * * *."

It is alleged that, while the patient was in one of the hospital beds, "he was left alone and uncared for during a time when said decedent was unable to control himself, and, as a result of * * * lack of care and attention, said decedent was caused to fall out of bed to the floor and suffer a fracture of his right hip."

The specific charges of negligence are:

"1. In failing to take the necessary safety precautions to keep plaintiff's decedent from falling out of bed.

"2. In permitting plaintiff's decedent to lie in an open bed, without guard rails or other protection so as to prevent him from falling out of bed, when the defendants knew, or in the exercise of ordinary care should have known, that said decedent was unable to care for himself, and, if not guarded, would fall out of bed.

"3. In failing to employ the necessary personnel and other qualified help to supervise plaintiff's decedent's hospitalization, so as to prevent him from falling from his bed and sustaining the injury hereinbefore mentioned."

It is alleged that the board of trustees "held said hospital out to the public as being capable and competent to administer to the medical wants and needs of the general public in and

about the county of Cuyahoga, and invited the general public, and in particular plaintiff's decedent, to use said service."

It is alleged further that the hospital was operated for profit.

It is obvious from the pleading that the hospital, of which the defendants were the statutory trustees, existed by virtue of the powers granted by the Legislature to the Board of County Commissioners to create such an institution, coupled with the power given to certain public officials, including the Board of County Commissioners, to appoint trustees to operate it. Chapter 339 of the Revised Code of Ohio.

The appellant argues her case to this court by saying that she "seeks a judgment against the defendants, individually and collectively, as trustees of the board operating said hospital. This suit does not name either the county of Cuyahoga, as a political subdivision, or the county commissioners, or the hospital, as a defendant or defendants, but rather, the suit is brought against six named trustees personally, who, by virtue of law, operate, manage, control, staff and otherwise maintain said hospital. The defendants, by filing their demurrer, admit that they have possession of said hospital, and operate, manage and control same for profit."

By virtue of the recently decided case of *Schaffer* v. *Board of Trustees of Franklin County Veterans Memorial*, 171 Ohio St., 228, this action could not be maintained against the county —the owners of the institution. There is no statutory authority permitting it. The law was declared by the Supreme Court as follows:

"In the absence of statutory authorization therefor, a county or its agencies are immune from suit for negligence."

To the contrary, if the suit had been against a charitable hospital corporation not for profit, or against a private hospital corporation for profit, the action could be maintained, under authority of *Avellone* v. *St. John's Hospital*, 165 Ohio St., 467.

We now direct our attention to the question whether the suit can be maintained against the trustees.

Section 339.01, Revised Code, authorizes the Board of County Commissioners of a county to construct a county hospital out of public funds.

Section 339.02, Revised Code, provides that "the Board

242

of County Commissioners together with the probate judge of said county and the judge of the Court of Common Pleas of said county senior in point of service shall * * * appoint a board of county hospital trustees * * *.''

Section 339.03, Revised Code, provides, in part, that title to the site shall be taken in the name of the county, and that the trustees shall serve without compensation.

Section 339.06, Revised Code, provides that the board of trustees shall operate the hospital and ''shall have the entire management and control * * *, and shall establish such rules for its government and the admission of persons as are expedient. * * * The board * * * shall employ an administrator, and, upon the nomination of such administrator, shall confirm the employment of such physicians, nurses, and other employees as are necessary for the proper care, control, and management of such hospital and its patients * * *. Any person, including the administrator, may be removed by the board * * * at any time when the welfare of such institution warrants removal. * * * The board * * * shall fix the compensation to be paid by or for all patients for all services and treatment rendered by the county hospital. It may provide for the free treatment * * * of soldiers, sailors, and marines of the county, under such conditions and regulations as it prescribes. * * * The board * * * shall, annually * * *, file with the Board of County Commissioners a statement of its receipts and expenditures for the preceding year and shall submit to such Board of County Commissioners an estimate of the financial requirements of such hospital for the ensuing year.''

We have heretofore stated that the county, a political subdivision of the state, is not responsible for the negligence of its subordinate officers or agents working in the public service, unless express provision is made therefor. It was declared in *Weiher* v. *Phillips*, 103 Ohio St., 249, that:

''1. A Board of County Commissioners is not liable in its official capacity for damages for negligent discharge of its official duties except in so far as such liability is created by statute, and such liability shall not be extended beyond the clear import of the terms of the statutes.''

See also: *Board of Commissioners of Hamilton County* v. *Mighels*, 7 Ohio St., 109.

Just as a Board of County Commissioners acts in a quasi-corporate capacity as an agency of the county and state, likewise the board of trustees of a county hospital acts as an agency of the county. The board's power to manage and operate the hospital is absolute, except only as to several specific restrictions. Consequently, the board of trustees of the hospital, as an agency of the county, owes a duty only to the public in the exercise of its trust, and is not answerable to individuals for negligence in the performance of official duties, when no malice or corruption is imputable; nor is the board vicariously liable for the negligence of its appointed servants and employees.

Stated tersely, the rule of state and county immunity applies to the board of trustees of a county hospital.

There is nothing in the petition which states a cause of action against the trustees as individuals, nor, for the reasons stated above, does it state a cause of action against the trustees "collectively," as that word is used in the appellant's claim.

Trustees of a county hospital are not liable individually in damages for claimed misconduct where they act in their official capacity, in good faith, and in the honest discharge of official duty. See: *Thomas* v. *Wilton*, 40 Ohio St., 516; *Gregory* v. *Small*, 39 Ohio St., 346; and *Stewart* v. *Southard*, 17 Ohio, 402.

The appellant attaches importance to the pleaded fact that the hospital was operated for profit. Whether it was so operated or not is of no importance except to the taxpayer. It is an agency of the state and county governments, and as such is not an operation for profit as that phrase is used in the world of private business.

In conclusion, in finding the demurrer well taken and the petition properly dismissed, we observe that whether the rule of immunity is out of step with the general trend of judicial and legislative policy is a question for the Legislature.

*Judgment affirmed.*

HUNSICKER, P. J., and HILDEBRANT, J., concur.

HUNSICKER and DOYLE, JJ., of the Ninth Appellate District, and HILDEBRANT, J., of the First Appellate District, sitting by designation in the Eighth Appellate District.