STATE COMM'R OF LABOR *v.*
UNIVERSITY OF ARKANSAS BOARD OF TRUSTEES

5-3939                                                407 S. W. 2d 916

Opinion delivered November 14, 1966

*Curtis E. Rickard,* for appellant.

*Owens, McHaney & McHaney,* for appellee.

400

Ed. F. McFADDIN, Justice. The decisive question is whether the Commissioner of Labor of the State of Arkansas can successfully sue the Board of Trustees of the University of Arkansas, in the teeth of the Constitutional Provision (Art. 5, Sec. 20, which reads: "The State of Arkansas shall never be made defendant in any of her courts." The Chancery Court held that the suit could not be maintained; and we affirm that holding.

The University of Arkansas maintains a food service at Fayetteville and employs a number of persons, among whom are 68 women, for whose benefit the present suit was filed. In August 1965 Bill Laney, as Commissioner of Labor of the State of Arkansas, filed this suit, naming as defendant, "University of Arkansas Board of Trustees, d/b/a University of Arkansas and University Food Service." The complaint alleged that the 68 named women, working for the University Food Service, had been required to work in excess of eight hours per day and had not received overtime pay, as required by Ark. Stat. Ann. § 81-613 et seq. (Repl. 1960). The prayer of the complaint was:

"Wherefore, plaintiff prays that said defendant, its agents, servants and employees, be temporarily restrained and enjoined from working plaintiffs in violation of the labor laws of Arkansas, and more particularly Ark. Stat. Ann. § 81-601 (Repl. 1960); that upon final hearing this injunction be made permanent in effect, that defendant be required to compensate plaintiffs for their labor and penalized according to law, for all cost and other proper relief."

The defendant Board of Trustees of the University of Arkansas, after first unsuccessfully objecting to venue (and we do not pass on that issue), then pleaded that the suit against the Board of Trustees of the University of Arkansas was a suit against the State and could not be maintained because of the language of Art. 5, Sec. 20 of the Arkansas Constitution, as previously quoted. From the ruling of the Chancery Court sustaining such

plea, the Commissioner of Labor brings this appeal.

In the light of the holding of the United States Supreme Court in *Arkansas* v. *Texas*,[1] we hold that this suit against the University of Arkansas Board of Trustees is a suit against the State. In the cited case, Arkansas sued Texas in the United States Supreme Court. It was alleged that the Wm. Buchanan Foundation had made a contract with the Board of Trustees of the University of Arkansas, and that the State of Texas was interfering with the contract. The basis of the jurisdiction was because of Art. 3, Sec. 2 of the United States Constitution, which gives the Supreme Court of the United States jurisdiction of suits between States. Texas denied the jurisdiction of the United States Supreme Court, claiming that the Board of Trustees of the University of Arkansas was a body politic and corporate entirely separate from the State of Arkansas. Thus, the status of the Board of Trustees of the University of Arkansas was the decisive point on the matter of jurisdiction. The United States Supreme Court sustained Arkansas' claim of jurisdiction, saying:

> "The contention that the controversy is between two States is challenged on the ground that the injured party is the University of Arkansas, which does not stand in the shoes of the State. Arkansas must, of course, represent an interest of her own and not merely that of her citizens or corporations. *Oklahoma ex rel. Johnson* v. *Cook,* 304 U. S. 387, 82 L Ed 1416, 58 S Ct 954. But as we read Arkansas law the University of Arkansas is an official state instrumentality; and we conclude that for purposes of our original jurisdiction any injury under the contract to the University is an injury to Arkansas.

> "The University, which was created by the Arkansas legislature, is governed by a Board of Trustees appointed by the Governor with consent of the Senate. The Board, to be sure, is 'a body politic and corporate' with power to issue bonds which do not

[1] 346 U. S. 368; 98 L. Ed. 80, 74 S. Ct. 109.

pledge the credit of the State. But the Board must report all of its expenditures to the legislature, and the State owns all the property used by the University. The Board of Trustees is denominated 'a public agency' of the State, the University is referred to as 'an instrument of the state in the performance of a governmental work,' and a suit against the University is a suit against the State."

Our own cases are to the same effect as is the said holding of the United States Supreme Court. *The Allen Engineering Co.* v. *Kays,* 106 Ark. 174, 152 S. W. 992; and *Watson* v. *Dodge,* 187 Ark. 1055, 63 S. W. 2d 993.

Since the present suit by the Commissioner of Labor against the "Board of Trustees of the University of kansas" is a suit against the State, it cannot be maintained; and there is no necessity for us to consider any of the other questions presented.

The decree of the Chancery Court is affirmed.