**RETAIL CLERKS LOCAL 187 AFL–CIO and J. F. Brown et al., Appellants (Plaintiffs below),**

v.

**UNIVERSITY OF WYOMING et al., Appellees (Defendants below).**

No. 4365.

Supreme Court of Wyoming.

Jan. 29, 1975.

GUTHRIE, Justice.

Appellants herein filed their complaint, seeking a declaratory judgment, an injunction, damages, and other equitable relief, and joined as defendants the University of Wyoming and William D. Carlson, individually and as President of the University of Wyoming, and all the members of the board of trustees, individually and as trustees. Appellants appeal from an order sustaining a motion to dismiss filed on behalf of all the defendants. We have by order allowed the filing of a brief and argument by the Wyoming Education Association as amicus curiae.

Appellants sought a declaration of their rights, status and relations in their employment and to guarantee to them the right to organize, to negotiate, to bargain with respect to wages, rates of pay, and conditions of employment, to have the Retail Clerks Local 187 AFL-CIO act as their bargaining agent and to represent them, the right to have payroll deductions made and paid by the university to the union, the right of the board of trustees to enter into a collective bargaining agreement, and to restrain and enjoin defendants and their employees from refusing to recognize or bargain with their selected representative or denying these individuals the right to be members of the union as a condition of their employment, and sought a declaration that the Retail Clerks Union has the right to represent these individual plaintiffs and be their exclusive representative.

Although the motion to dismiss raises several grounds, we must first consider the asserted ground "that the Court lacks jurisdiction over the subject matter because of the Doctrine of Sovereign Immunity which precludes any action against the State of Wyoming, the University of Wyoming, the Board of Trustees of the University of Wyoming, and governing officials of said University. Further, that there has been no consent by the State of Wyoming to submit itself to suit." This

John J. Rooney, Rooney & Horiskey, Cheyenne, for appellants.

David B. Kennedy, Atty. Gen., Joseph R. Geraud and Barbara Erickson, Sp. Asst. Attys. Gen., and Patricia Linenberger, Legal Intern, Cheyenne, for appellees.

Charles E. Graves and Patrick E. Hacker, Cheyenne, for amicus curiae Wyoming Education Association.

Before PARKER, C. J.*, McEWAN,** GUTHRIE, and McCLINTOCK, JJ., and MAIER, D. J.

* Retired December 28, 1974, after approval of this opinion.

** Resigned January 21, 1975, after approval of this opinion.

raises the threshold question, of which disposal must be made before we can proceed further into this inquiry. The legislature has made a declaration that a suit against the trustees of the university is a suit against the State (§ 1–1018, W.S. 1957), and it was held in Williams v. Eaton, 10 Cir., 443 F.2d 422, on remand D.C., 333 F.Supp. 107, affirmed 10 Cir., 468 F.2d 1079, that the board of trustees was immune from suit. The case of Hjorth Royalty Co. v. Trustees of University of Wyoming, 30 Wyo. 309, 222 P. 9, also held that a suit against the trustees was a suit against the State and could not be brought unless the State had consented.[1] Appellants assert that this is not an action against the State but to enforce a proprietary function and ministerial task, thus not being the subject of governmental immunity, and further contend that consent has been given by the State to be made a party to declaratory judgment actions under §§ 1–1051 and 1–1052, W.S.1957, derived from the Uniform Declaratory Judgments Act. We find no words of clear or direct consent to suit against the State contained in these statutes, and consent must be clearly shown, Hjorth Royalty Co. v. Trustees of University of Wyoming, supra; Harrison v. Wyoming Liquor Commission, 63 Wyo. 13, 177 P.2d 397. The Federal Declaratory Judgments Act has been held not to constitute consent to suit against the United States but only that it gives an additional remedy when such jurisdiction already exists, 22 Am.Jur.2d Declaratory Judgments, § 85, p. 948. This is also true of the states where the Uniform Declaratory Judgments Act has been adopted, American Federation of Labor v. Mann, Tex.Civ.App., 188 S.W.2d 276, 279, with much authority therein cited. Also see Empire Trust Co. v. Board of Commerce and Navigation, 124 N.J.L. 406, 11 A.2d 752, 754; Davis v. State, 183 Md. 385, 37 A.2d 880, 885; Pu-

rity Oats Co. v. State, 125 Kan. 558, 264 P. 740; Borchard, Declaratory Judgments, p. 374 (2d Ed.); 1 Anderson, Actions for Declaratory Judgments, § 179, p. 346 (2d Ed.). Thus, the University of Wyoming and the board of trustees of that institution are immune from suit under the Declaratory Judgments Act and the motion was correctly sustained insofar as it concerned these parties: The University of Wyoming and the board of trustees.

The question of the immunity of the president and the board of trustees individually is not as clear, as there are cases under different factual situations which seem to permit declaratory judgment actions against such officers. This question requires examination as it should be evident that, unless carefully applied, to allow suits against officials in their individual capacity would result in the complete destruction of sovereign immunity.

The Supreme Court of the United States has announced a simple and workable rule which we deem a most reliable guideline in a determination of this matter when it said:

> "As to what is deemed a suit against a state, the early suggestion that the inhibition might be confined to those in which the state was a party to the record [citations] has long since been abandoned, and it is now established that the question is to be determined not by the mere names of the titular parties but by the essential nature and effect of the proceeding, as it appears from the entire record [citations]." In re State of New York, 256 U.S. 490, 500, 41 S.Ct. 588, 590, 65 L.Ed. 1057.

Also see Anderson v. Argraves, 146 Conn. 316, 150 A.2d 295, 297; Stucker v. Muscatine, 249 Iowa 485, 87 N.W.2d 452, 456. A most complete discussion of this appears in Schwing v. Miles, 367 Ill. 436, 11 N.E.2d

---

1. For similar holdings that a suit against the board of trustees of a State university is a suit against the State, see Thacker v. Board of Trustees of Ohio State University, 29 Ohio Misc. 31, 277 N.E.2d 818; Hutchinson v. Board of Trustees of University of Alabama, 288 Ala. 20, 256 So.2d 281, 284; State v. University of Arkansas Board of Trustees, 241 Ark. 399, 407 S.W.2d 916.

944, 947, 113 A.L.R. 1504, where the following appears:

"* * * While a suit against state officials, and, in particular, the Director of the Department of Public Works and Buildings, is not necessarily a suit against the state, the constitutional inhibition cannot be evaded by making an action nominally one against the servants or agents of the state when the real claim is against the state itself, and it is the party vitally interested. * * *"

The board of trustees is entrusted with very general powers (§ 21–353, W.S.1957, 1973 Cum.Supp.) including the right to "elect * * * employees" for the conduct and management of the university with a general delegation of powers as follows:

"* * *, and finally to exercise any and all other functions properly belonging to such a board and necessary to the prosperity of the university in all its departments."

In the operation of this institution the board of trustees has occasion to employ these individual plaintiffs and others similarly situate. Any agreement or contracts made by the board of trustees would obligate and be a charge upon the State funds appropriated for the operation of the university and any agreement with the plaintiffs as to the rate of pay would impose liability upon the State for the amounts thereof, and any judgment herein in the terms sought by the appellants would control the operation of that institution in this area by its commands to the president and these trustees as individuals and would effectively achieve by indirection what is strictly forbidden directly. These words from Harrision, supra, 177 P.2d at 402, are particularly applicable:

"In 59 C.J. 308, 309, it is stated that a suit is against the state wherein a state officer or agency is, or will be, required to use state property or funds in order to afford the relief demanded, or which seeks to compel officers or agents to do acts which will impose contractual liability on the state. * * *"

Thus we must conclude that insofar as this action was directed to these parties individually, it is in fact an action against the State and the motion was properly sustained as to them. Because of the view that the court was without jurisdiction we cannot engage in any comments upon the proposition urged by appellants as they would be advisory in character, Brimmer v. Thomson, Wyo., 521 P.2d 574, 579.

Appellants contend that insofar as the damage action is concerned the functions here involved are proprietary and ministerial and not governmental and that therefore immunity is not a defense, and cite in support thereof Town of Douglas v. York, Wyo., 445 P.2d 760; South Cheyenne Water and Sewer District v. Stundon, Wyo., 483 P.2d 240; Ramirez v. City of Cheyenne, 34 Wyo. 67, 241 P. 710, 42 A.L.R. 245; and Lore v. Town of Douglas, Wyo., 355 P.2d 367. We deem these cases inapplicable as they deal with proprietary activities of municipal corporations.[2]

Appellants, in reliance upon the policy statement appearing in § 27–239, W.S.1957, c.1967, which recognizes the right of labor to bargain collectively with employers of labor, would seek to avoid the application of the immunity doctrine and assert this section as authorizing the University of Wyoming to collectively bargain with the appellants, and categorically state that the appellees are "employers of labor." This contention was once before suggested to the court in State ex rel. Fire Fighters Local Number 946, I. A. F. F. v. City of Laramie, Wyo., 437 P.2d 295, 299, but this determination was not necessary under the factual situation therein. However, because that case arose under a statute spe-

2. Municipal corporations, unlike the State, have no sovereignty but are creatures of the State. This dual nature is discussed in Prosser, Law of Torts, p. 977, et seq. (4th Ed.). See further 56 Am.Jur.2d Municipal Corporations, § 16, p. 81, § 199, p. 254, et seq., and § 200, pp. 258–259.

cifically authorizing collective bargaining between firemen and municipalities, §§ 27–265 to 27–273, inclusive, W.S.1957, c. 1967, and 1973 Cum.Supp., it must be mentioned because we cannot ignore the fact that the legislature by a specific authorization has apparently construed § 27–239 as being inapplicable, and legislative interpretations are a factor which may be considered, Inexco Oil Company v. Oil and Gas Conservation Commission, Wyo., 490 P.2d 1065, 1067; Oregon Basin Oil & Gas Co. v. Ohio Oil Co., 70 Wyo. 263, 248 P.2d 198, 204. The section upon which reliance is made is a policy statement and a part of what is sometimes described as a "little Norris-LaGuardia Act." Although not directly in point, it is highly persuasive that numerous cases have held the prohibition against injunctive relief therein granted not to be applicable when applied to public employees, Anderson Federation of Teachers, Local 519 v. School City of Anderson, 252 Ind. 558, 251 N.E.2d 15, 16, 37 A.L.R. 3d 1131, rehearing denied 254 N.E.2d 329, certiorari denied 399 U.S. 928, 90 S.Ct. 2243, 26 L.Ed.2d 794, which not only cites this as being the overwhelming weight of authority but contains numerous citations and reiterated this view on rehearing, 254 N.E.2d 329, 331; Hansen v. Commonwealth, 344 Mass. 214, 181 N.E.2d 843, 847.[3]

■ It has been held generally that statutes governing labor relations between employers and employees are construed only to apply to private industry, Wichita Public Schools Employees Union, Local No. 513 v. Smith, 194 Kan. 2, 397 P.2d 357, 360; Communications Workers of America v. Arizona Board of Regents, 17 Ariz.App. 398, 498 P.2d 472, 474–475; Nutter v. City of Santa Monica, 74 Cal.App.2d 292, 168 P.2d 741, 745; and had the legislative intent been that municipalities be forced to engage in collective bargaining the legislature would have been explicit in its language, City of Fort Smith v. Arkansas State Council No. 38, AFSCME AFL–CIO, 245 Ark. 409, 433 S.W.2d 153, 156. The case of United States v. United Mine Workers of America, 330 U.S. 258, 272, 67 S.Ct. 677, 686, 91 L.Ed. 884, along with the cases cited in the footnotes therein, is deemed completely sufficient authority for our view that there is a dual basis for holding that the statute upon which the appellants relied is inapplicable by reiterating what is termed as an old and well-known rule "that statutes which in general terms divest pre-existing rights or privileges will not be applied to the sovereign without express words to that effect." And further, after a general discussion of the purposes of the "Norris-LaGuardia Act," concludes: "These considerations, on their face, obviously do not apply to the Government as an employer or to relations between the Government and its employees," 67 S.Ct. at 687.

■ Appellants also use their claim for nominal damages as the vehicle of jurisdiction, and further advise the court that they are interested largely in the determination of what they deem substantive questions which are posed in their brief. This reliance is upon Smith v. Losee, 10 Cir., 485 F.2d 334. We find this case distinguishable upon its facts but supportive of the holding that the board of trustees was not liable in damages. The recovery against Losee and Barnum in that case is based upon a finding of actual malice, and the recovery against Peterson is based upon a finding that he acted for the purpose of punishing this plaintiff. We find nothing in this complaint suggesting any malice or purpose to punish but rather a statement which imputes good faith and that the defendants believed they were without statutory authority to bargain or to comply with the demands of these plaintiffs. We are most hesitant to project such holdings beyond the strict limits of their holding.

3. The Indiana statute also contains the term "employers of labor," § 40–502, Burns Ind.Stat. Annot. (1965 Repl.), I.C.1971, 22–6–1–2.

Many questions are urged with much fervor and logic and we are importuned to express opinions thereon. These are, however, matters which should more properly be submitted to our legislative body.

The judgment is therefore affirmed.