David WESTLY and the International Brotherhood of Police Officers, Local 470, a Labor Organization, Plaintiffs and Appellants,

v.

BOARD OF CITY COMMISSIONERS OF SALT LAKE CITY CORPORATION, Defendant and Respondent.

No. 14842.

Supreme Court of Utah.

Jan. 4, 1978.

Robert Van Sciver, Salt Lake City, for plaintiffs and appellants.

Roger F. Cutler, City Atty., Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiffs filed an action seeking a declaration of their rights to collective bargaining under U.C.A.1953, 34–19–1. The trial court dismissed the complaint on the ground that the statute relied upon was not intended and did not vest any collective bargaining rights in municipal employees.

Plaintiff, David Westly, is a police officer employed by Salt Lake City Corporation and is president of plaintiff, International Brotherhood of Police Officers, a labor union.

Plaintiffs assert the trial court misinterpreted the statute, Utah's so-called "Little Norris-La Guardia Act," which reads as follows:

34–19–1. Declaration of policy.—In the interpretation and application of this chapter, the public policy of this state is declared as follows:

(1) It shall not be unlawful for employees to organize themselves into or carry on labor unions for the purpose of lessening hours of labor, increasing wages, bettering the conditions of members, or carrying out the legitimate purposes of such organizations as freely as they could do if acting singly.

(2) The labor of a human being is not a commodity or article of commerce. Nothing contained in the antitrust laws shall be construed to forbid the existence and operation of labor, agricultural or horticultural organizations, instituted for the purpose of mutual help and not having capital stock or conducted for profit, or to forbid or restrain individual members of such organizations from lawfully carrying out the legitimate object thereof; nor shall such organizations or membership in them be held to be illegal combinations or conspiracies in restraint of trade under the antitrust laws.

(3) Negotiations of terms and conditions of labor should result from voluntary agreement between employer and employee. Governmental authority has permitted and encouraged employers to organize in the corporate and other forms of capital control. In dealing with such

employers the individual unorganized worker is helpless to exercise actual liberty of contract and to protect his freedom of labor and thereby to obtain acceptable terms and conditions of employment. Therefore, it is necessary that the individual employee have full freedom of association, self-organization, and designation of representatives of his own choosing to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or their (sic) mutual aid or protection.

■ The foregoing section is simply the preamble to the Labor Disputes Act and it is nothing more than its title states, i. e. a "declaration of policy." It clearly confers no substantive rights and is only a manifestation of legislative intent. It does not constitute an enlargement of authority or power in excess of that contained in succeeding sections.

Plaintiffs cite the Washington case of *Krystad v. Lau*[1] in support of their contention but failed to note that the same court rejected such an interpretation in a subsequent case[2] wherein it was stated:

It was not our intent to in that case [referring to *Krystad*] to lay down a new rule respecting the import of policy statements contained in legislation.

■ Numerous jurisdictions, construing statutes similar to ours, have uniformly rejected the concept that such policy statements contained therein apply to public employees.[3] In the absence of explicit legislative language, statutes governing labor relations between employers and employees apply only to private industry and not to the sovereign or its political subdivisions.[4]

Affirmed. No costs awarded.

1. 65 Wash.2d 827, 400 P.2d 72 (1965).

2. *International U. of Op. Eng., L. 286 v. Sand Point C. Cl.,* 83 Wash.2d 498, 519 P.2d 985 (1974).

3. See *Retail Clerks Local 187 v. University of Wyoming,* Wyo., 531 P.2d 884 (1975), citing a number of jurisdictions in accord.

