The Honorable Fletcher Long, Jr. Prosecuting Attorney, 1st Judicial District P.O. Box 989 Forrest City, Arkansas 72336
Dear Mr. Long:
You have requested an Attorney General opinion concerning the applicability of A.C.A. § 19-11-801 et seq. to a college board of trustees.
You have presented the following specific questions:
 (1) Is a community college a "political subdivision" within the meaning of A.C.A. § 19-11-804?
 (2) If so, may the governing body of the political subdivision (i.e.,
the board of trustees) act through a committee other than the board itself, particularly when that committee includes non-board members?
RESPONSE
Question 1 — Is a community college a "political subdivision" within themeaning of A.C.A. § 19-11-804?
It is my opinion that a community college is not a "political subdivision" within the meaning of A.C.A. § 19-11-801 et seq., including Section 804.
The provisions of A.C.A. § 19-11-801 et seq. deal with contracts entered into by the state of Arkansas and its political subdivisions for professional services. Section 804 states:
 The political subdivision shall select three (3) qualified firms. The political subdivision shall then select the firm considered the best-qualified and capable of performing the desired work and negotiate a contract for the project with the firm selected.
A.C.A. § 19-11-804.
The term "political subdivision," as used in the above-quoted section, is not defined by statute, nor have the Arkansas courts interpreted the phrase (as used therein) in a published opinion. However, the Arkansas Supreme Court has adopted a general definition of the phrase "political subdivision," stating as follows:
 [P]olitical subdivisions have been defined as that `they embrace a certain territory and its inhabitants, organized for the public advantage, and not in the interest of particular individuals or classes; that their chief design is the exercise of governmental functions; and that to the electors residing within each is, to some extent, committed the power of local government, to be wielded either mediately or immediately within their territory for the peculiar benefit of the people there residing.
Muse v. Prescott School Dist., 233 Ark. 789, 791, 349 S.W.2d 329 (1961), quoting Arkansas Highway Commission v. Clayton, 226 Ark. 712, 715,292 S.W.2d 77 (1956) and Allison v. Corker, 67 N.J.L. 596, 52 A. 362.
In the absence of a statutory definition of the phrase "political subdivision" that has been created specifically for purposes of A.C.A. §19-11-804, I find it appropriate, in interpreting A.C.A. § 19-11-804, to apply the more general definition of the phrase that has been adopted by the Arkansas Supreme Court. Having done so, I find that even though state-supported institutions of higher education such as community colleges are considered to be state institutions and instrumentalities of the state (see, e.g., Arkansas v. Texas, 346 U.S. 368 (1953), Jacobs v.Sharp, 211 Ark. 865, 202 S.W.2d 964 (1947), Allen Engineering Co. v.Kays, 106 Ark. 174, 152 S.W. 992 (1913), and Vincenheller v. Reagan,69 Ark. 460, 64 S.W. 278 (1901)), such institutions do not fall within the Arkansas Supreme Court's adopted definition of "political subdivisions," primarily because their chief design is not to exercise the powers of government, nor have they been granted such power by the local electors. I have previously opined similarly with regard to institutions of higher education in a different context. See Op. Att'y Gen. No. 92-362. Seealso Ops. Att'y Gen. Nos. 93-210 and 91-065.
For these reasons, I conclude that community colleges are not "political subdivisions," within the meaning of A.C.A. § 19-11-801 et seq., and are therefore not subject to the provisions of those statutes.
Question 2 — If so, may the governing body of the political subdivision(i.e., the board of trustees) act through a committee other than theboard itself, particularly when that committee includes non-boardmembers?
Because I have opined that community colleges are not "political subdivisions," an answer to this question, as presented, is unnecessary. I will note, however, that I know of no provision of state law that would prohibit the board of trustees of a community college from delegating certain tasks, such as interviewing and making recommendations, to committees — even committees comprised of individuals who are not on the board — provided that the official action taken on the matter is taken by the board. Nevertheless, the college or the board may have internal rules, regulations, or by-laws that would prohibit such action. These sources should be consulted in order to determine whether delegation by the board is appropriate.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General