**DIAMOND SURFACE, INC., a Minnesota Corporation; Western Gas Resources, Inc., a Delaware Corporation; and the State of Wyoming, Petitioners,**

v.

**Lawrence CLEVELAND, Jr. and Albert N. Cleveland, Co–Personal Representatives of the Estate of Lawrence Cleveland, Sr., Deceased; Wanda J. Hopkins, Personal Representative of the Estate of David William Hopkins, Deceased; and Tanya Michelle Kenyon, Individually and as Personal Representative of the Estate of John Allan Kenyon, Deceased, Respondents.**

**DIAMOND SURFACE, INC., a Minnesota Corporation, Appellant (Petitioner/Defendant),**

v.

**BRASEL & SIMS CONSTRUCTION COMPANY, a Wyoming Corporation, Appellee (Respondent/Third–Party Defendant).**

Nos. 97–21, 97–52.

Supreme Court of Wyoming.

Aug. 17, 1998.

Gregory C. Dyekman and Brandin Hay of Dray, Thomson & Dyekman, P.C., Cheyenne, and William U. Hill, Attorney General, Cheyenne, for Petitioner, State of Wyoming:

Richard H. Honaker and Michael D. Newman of Honaker, Hampton & Newman, Rock Springs, for Respondents.

Paul K. Knight and Sara E. VanGenderen of Mullikin, Larson & Swift, LLC, Jackson, for Appellant Diamond Surface, Inc.

Robert G. Berger and James L. Salmon of Lonabaugh and Riggs, Sheridan, for Appellee Brasel & Sims Construction Company.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

This opinion addresses two consolidated appeals arising from lawsuits brought by, or on behalf of, a subcontractor's employees who were killed or injured in a pipeline explosion while working on a road construction project in May 1994. The lawsuits named as defendants the general contractor, Diamond Surface, Inc.; the pipeline owner, Western Gas Resources, Inc.; and the State of Wyoming. The State moved to dismiss the complaints against it, claiming governmental immunity. The State now appeals the district court's determination that the Wyoming Underground Facilities Notification Act, Wyo. Stat. §§ 37–12–301 through 37–12–304 (Cum. Supp.1995), contained an unequivocal waiver of governmental immunity. Diamond Surface, Inc. appeals the dismissal of its third-party complaint against the employer, subcontractor Brasel & Sims Construction Company, which the district court found to be precluded by the comparative fault statute, Wyo. Stat. § 1–1–109 (Rpl. June 1988).

Finding no unequivocal waiver of governmental immunity in the Wyoming Underground Facilities Notification Act, we reverse and remand the district court's order in Case No. 97–21. We further find that a claim for express indemnity, under limited circumstances, survives the adoption of comparative fault in Wyoming. We therefore affirm in part and reverse in part the district court's

dismissal of Diamond Surface, Inc.'s third-party claim for contractual indemnity in Case No. 97–52, and remand for further proceedings in accordance with this opinion.

## I. ISSUES

The State of Wyoming, as petitioner in Case No. 97–21, presents the following issues for review:

I. Did the Wyoming Underground Facilities Notification Act, W.S. § 37–12–301 et seq. (repl.vol.1996), as it existed on May 3, 1994, expressly or impliedly waive the State's governmental immunity from tort liability?

II. Does any waiver of the State's immunity from tort liability exist within the Wyoming Governmental Claims Act, W.S. § 1–39–101 et seq. (repl. vol.1988 and cum. supp.1996), for the conduct alleged by Respondents in their consolidated complaints?

Respondents, personal representatives of the deceased employees' estates, reply with one issue:

Is the State of Wyoming immune from suit for three wrongful deaths and one bodily injury which resulted from the State's

failure to obtain a utility locate, in violation of Wyo.Stat. §§ 37–12–301 and 37–12–302 (1978), prior to authorizing excavation directly above a natural gas pipeline adjoining a federal interstate highway?

Diamond Surface, Inc. (Diamond Surface), as appellant in Case No. 97–52, identifies three issues:

A. Whether the district court properly granted appellee's motion to dismiss appellant's third-party claim for negligence since such claim is not barred by the exclusivity provision of the Wyoming Worker's Compensation Act.

B. Whether the district court properly granted appellee's motion to dismiss appellant's third-party claim for contractual indemnity since principles of comparative fault do not abolish claim[s] for indemnity.

---

* Chief Justice at time of oral argument.

C. Whether the district court properly granted appellee's motion to dismiss appellant's third-party claim for equitable implied indemnity since principles of comparative fault do not abolish claims for indemnity.

Appellee, Brasel & Sims Construction Company (Brasel & Sims), responds:

I. Is Diamond Surface's negligence claim barred by application of Wyoming's Comparative Fault Statute? (*Wyo. Stat.* § 1-1-109 (Supp.1988)).

II. Is Diamond Surface's express indemnity claim barred by these same principles?

III. Is Diamond Surface's equitable implied indemnity claim barred by the existence of an express indemnity agreement?

## II. FACTS

Diamond Surface contracted with the Wyoming Department of Transportation to act as the general contractor on a construction project which involved reconstruction and repairs to a shoulder section of Interstate 80 between Evanston and Green River, Wyoming. In turn, Diamond Surface subcontracted the dirt work and other tasks to Brasel & Sims. The subcontract provided that Brasel & Sims would take full responsibility for compliance with safety statutes, rules and regulations and included a provision to hold Diamond Surface harmless for "any and all loss or expense" and "all liability" for damages due to the negligence of Brasel & Sims, its agents, or employees.

A natural gas pipeline, owned by Western Gas Resources, Inc. (Western Gas), was located beneath the ground in the approximate area of the proposed project. The exact location of the pipeline was not marked, and during excavation on May 3, 1994, the ripper bar of a Caterpillar D-9 bulldozer hit the pipeline, causing it to rupture and explode. Two of Brasel & Sims' employees were instantly killed, and two were injured. One of the injured employees later died.

Several lawsuits, subsequently consolidated by the district court, were filed against Diamond Surface, Western Gas, and the

State. The State responded with a motion to dismiss pursuant to W.R.C.P. 12(b)(6), asserting immunity from suit under the Wyoming Governmental Claims Act, Wyo. Stat. §§ 1-39-101 through 1-39-120 (1997 & Cum. Supp.1996). For its part, Diamond Surface filed a third-party complaint against Brasel & Sims, alleging claims for negligence, express indemnity, and equitable implied indemnity. Brasel & Sims responded with a W.R.C.P. 12(b)(6) motion to dismiss, claiming immunity from suit for negligence under the worker's compensation statutes and asserting that the comparative fault statute prevented a result which would hold Diamond Surface liable for the negligence of Brasel & Sims.

A hearing was held on both motions to dismiss on September 18, 1996. On October 23, 1996, the district court converted the State's motion to dismiss into a motion for summary judgment, and provided additional time for submission of relevant evidence and legal argument.

On November 14, 1996, the district court granted Brasel & Sims' motion to dismiss, based on the grounds asserted in the motion, to which Diamond Surface filed a timely appeal. On December 20, 1996, the district court denied the State's motion, finding that the provisions of the Wyoming Underground Facilities Notification Act, Wyo. Stat. §§ 37-12-301 through 37-12-304, "textually and unequivocally" waived the State's immunity. An order granting an interlocutory writ of review of the denial of the State's motion for summary judgment was issued on February 6, 1997, and on February 25, 1997, the two cases were consolidated.

## III. STANDARD OF REVIEW

The dismissal of a complaint is a drastic remedy which should be granted sparingly. *Gillis v. F & A Enterprises*, 934 P.2d 1253, 1255 (Wyo.1997). When reviewing a W.R.C.P. 12(b)(6) dismissal, this court accepts all facts stated in the complaint as being true and views them in the light most favorable to the plaintiff. We will sustain a W.R.C.P. 12(b)(6) dismissal only when it is certain from the face of the complaint that the plaintiff cannot assert any facts that

would entitle him to relief. *Rissler & McMurry Co. v. State*, 917 P.2d 1157, 1160 (Wyo.1996), *cert. denied* —— U.S. ——, 117 S.Ct. 765, 136 L.Ed.2d 712 (1997) (*quoting Herrig v. Herrig*, 844 P.2d 487, 490 (Wyo. 1992)).

 On review of summary judgment, we treat the motion as though it had been presented originally to this court. *Havens v. Hoffman*, 902 P.2d 219, 220 (Wyo.1995). Summary judgment is properly granted based upon dual findings that there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law. *Teton Plumbing and Heating, Inc. v. Board of Trustees, Laramie County School Dist. No. One*, 763 P.2d 843, 847 (Wyo.1988). When reviewing an issue of law, no deference is accorded to the decision of the district court. *Griess v. Office of the Atty. Gen., Div. of Criminal Investigation*, 932 P.2d 734, 736 (Wyo.1997); *Kahrs v. Board of Trustees for Platte County School Dist. No. 1*, 901 P.2d 404, 406 (Wyo.1995).

## IV. DISCUSSION

### A. CASE NO. 97–21: GOVERNMENTAL IMMUNITY

The sole issue in this appeal is whether governmental immunity was waived by the provisions contained in the Wyoming Underground Facilities Notification Act (Notification Act), in effect at the time of the accident.[1] In essence, the State contends that the Wyoming Governmental Claims Act (Claims Act) provides the exclusive basis for any waiver of governmental immunity pursuant to the language of Wyo. Stat. § 1–39–104(a), which states in part: "A governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort except as provided by W.S. 1–39–105 through 1–39–112." The State contends that because the district court did not find a waiver of immunity authorized by Wyo. Stat. §§ 1–39–105 through 1–39–112, it erred in concluding that the State's immunity was waived.

The district court, however, implicitly determined that the Claims Act was not the only source of a waiver of governmental immunity. After acknowledging that the original plaintiffs made no claim of waiver under the Claims Act, the district court turned to Wyo. Const. art. 1, § 8, which provides that "[s]uits may be brought against the state in such manner and in such courts as the legislature may by law direct." Finding a separate source of waiver in this constitutional provision, the district court reasoned that because Wyo. Stat. § 37–12–301(a)(iii) includes the State within the definition of the word "person" in the Notification Act, and because Wyo. Stat. § 37–12–302(f) expressly mentions liability for a "person's" negligence, sovereign immunity was "textually and unequivocally" waived.

 There can be no doubt that the language of the Claims Act unambiguously

---

1. Wyo. Stat. § 37–12–302 was amended in 1996. At the time of the accident, the statute provided, in relevant part:

(b) Architects, engineers, or other persons designing or requiring excavation shall obtain information from persons with underground facilities, as to the nature and location of underground facilities and then make such information and location a part of the plan by which the contractors operate.

(c) Except as hereafter provided, no person shall make or begin excavation without first notifying any person having underground facilities in the area of the proposed excavation except an employee with respect to his employer's facility. Notice shall be given by telephone or in person. * * *

(d) A person shall, upon receipt of the notice provided for in subsection (c) of this section, advise the excavator of the location and size of underground facilities in the proposed excavation area by marking the location of the facilities * * *. The person providing information shall respond no later than two (2) full business days after receipt of the notice.

* * *

(f) If information requested pursuant to subsections (c) and (d) of this section is not provided within the time specified therein, or if the information provided fails to identify the location of the underground facilities in accordance with subsection (d) of this section, then any person damaging or injuring underground facilities shall not be liable for such damage or injury except on proof of negligence.

(g) Compliance with this section does not excuse a person from acting in a careful and prudent manner nor does compliance with this section excuse a person from liability for damage or injury for failure to act.

Wyo. Stat. § 37–12–302 (Cum.Supp.1995).

expresses the intention to grant immunity in all but very limited circumstances. *Newberry v. Board of County Com'rs of Fremont County,* 919 P.2d 141, 145 (Wyo.1996). We have also recognized the "close-ended" nature of the Claims Act. *Gibson v. State Through Dept. of Revenue and Taxation,* 811 P.2d 726, 728 (Wyo.1991); *Sawyer v. City of Sheridan,* 793 P.2d 476, 478 (Wyo.1990); *Cooney v. Park County,* 792 P.2d 1287, 1299 (Wyo.1990), *cert. granted and vacated on other grounds,* 501 U.S. 1201, 111 S.Ct. 2820, 115 L.Ed.2d 965 (1991), *cert. denied* 510 U.S. 813, 114 S.Ct. 60, 126 L.Ed.2d 30 (1993); *Boehm v. Cody Country Chamber of Commerce,* 748 P.2d 704, 709 (Wyo.1987). However, the resolution of the case before us does not require a determination of whether there can ever be a statutory waiver of immunity apart from those subjects covered by the Claims Act. We need look only to the language of the Notification Act to find that it does not contain an expression of legislative intent sufficient to defeat the clear and unequivocal language of the Claims Act. *See Hurst v. State,* 698 P.2d 1130, 1132 (Wyo. 1985) and *Retail Clerks Local 187 AFL–CIO v. University of Wyoming,* 531 P.2d 884, 886 (Wyo.1975).

▆▆▆▆ In the past, the legislature has expressed its intent to waive governmental immunity explicitly and in no uncertain terms. *See* Wyo. Stat. § 1–39–104(a); Wyo. Stat. § 21–3–129(b) (1997) ("The defense of *governmental immunity is expressly waived* to the extent of any insurance coverage of the district involving any such alleged tort.");

Wyo. Stat. § 27–11–110 (1997) ("[T]he state of Wyoming does hereby *waive sovereign immunity* " for bonds not to exceed $50,-000.00.); Wyo. Stat. § 35–2–114(b) (1997) (to the extent of liability insurance, "the defense of *governmental immunity is expressly waived*."); and Wyo. Stat. § 21–3–126 (1997) ("The defense of *governmental immunity is expressly waived* " to the extent of liability insurance.). (Emphasis added.) In each of these statutes, the legislature has chosen to specifically state that governmental immunity is waived, even though the subject matter is arguably addressed in the Claims Act. Suffice it to say that when the subject matter of a statute is *not* within the subjects covered by the Claims Act, judicial construction cannot substitute for the absence of explicit language waiving sovereign immunity. *See State Dept. of Highways v. Mountain States Tel. & Tel. Co.,* 869 P.2d 1289, 1291 (Colo. 1994).

Finding no express waiver of immunity within the Notification Act, and agreeing with the district court that no claim was presented for which immunity is waived under the Claims Act, we reverse the district court's order denying summary judgment in favor of the State.

**B. Case No. 97–52: Third-Party Claim**

Abandoning its defense of immunity under the Wyoming worker's compensation statutes, Brasel & Sims asserts that the district court properly dismissed Diamond Surface's third-party complaint because the comparative fault statute [2] precludes any possibility

---

2. In 1994, the legislature amended the comparative fault statute, Wyo. Stat. § 1–1–109, extending its application to strict liability, product liability, and breach of warranty claims. We consider here the statute in effect at the time of the deceaseds' injuries. Wyo. Stat. § 1–1–109 (Rpl. June 1988) provided:

 (a) Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property, if the contributory negligence of the said person is not more than fifty percent (50%) of the total fault. Any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person recovering.

 (b) The court may, and when requested by any party shall:

 (i) If a jury trial:

 (A) Direct the jury to find separate special verdicts determining the total amount of damages and the percentage of fault attributable to each actor whether or not a party; and

 (B) Inform the jury of the consequences of its determination of the percentage of fault.

 (ii) If a trial before the court without jury, make special findings of fact, determining the total amount of damages and the percentage of fault attributable to each actor whether or not a party.

 (c) The court shall reduce the amount of damages determined under subsection (b) of this section in proportion to the amount of fault attributed to the person recovering and enter judgment against each defendant in the amount determined under subsection (d) of this section.

that Diamond Surface will be held liable for Brasel & Sims' negligence. Brasel & Sims reasons that because the jury will apportion fault between all the actors, if Diamond Surface is found liable it will be only for its own negligence. Diamond Surface, however, contends that it has a viable claim for indemnity under the express provisions of its contract with Brasel & Sims and the principles enunciated in *Schneider Nat., Inc. v. Holland Hitch Co.*, 843 P.2d 561, 571 (Wyo.1992).

In *Schneider Nat., Inc.*, the owner of a tractor-trailer involved in a fatal accident sought third-party indemnity from the manufacturer of the allegedly defective trailer hitch and a road construction contractor that allegedly failed to perform construction in a safe manner. The United States District Court for the District of Wyoming dismissed the indemnity claim, holding that Wyoming's adoption of comparative negligence effectively abrogated the right to seek indemnity. On certification from the Tenth Circuit Court of Appeals, we determined that the comparative fault statute did not preclude a third-party claim in limited circumstances. *Schneider Nat., Inc.*, 843 P.2d at 578.

In *Schneider Nat., Inc.*, our analysis began with a reiteration of the general rule of indemnity as found in the Restatement of Restitution § 76 (1937):

"A person who, in whole or in part, has discharged a duty which is owed by him but which *as between himself and another should have been discharged by the other*, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct."

*Schneider Nat., Inc.*, 843 P.2d at 572 (emphasis added). A prerequisite to a claim for indemnity is the existence of an independent legal relationship " ' "under which the *indemnitor owes a duty* either in contract or tort *to the indemnitee* apart from the joint duty they owe to the injured party." ' " *Id.* at 572–73 (*quoting National Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc.*, 784 P.2d 52, 55 (Okl.1989) and *Peak Drilling Co. v. Halliburton Oil Well Cementing Co.*, 215

F.2d 368, 370 (10th Cir.1954)) (emphasis added). The independent relationship may be established by an express indemnity agreement, indemnity implied from contract, or indemnity imposed by equitable considerations. Where there is an express indemnity provision, its parameters are derived from the specific language of a contract. *Id.* at 573.

 Thus, we distinguished a claim for indemnity based on the negligent breach of duties owed to the plaintiff, no longer viable under the comparative fault statute, from a claim for indemnity based on a negligent breach of a *separate* duty owed to the third-party plaintiff. We concluded that under circumstances enumerated in Restatement of Torts (Second) § 886B (1979), a claim for equitable implied indemnity survived the comparative fault statute. We held:

[I]ndemnity liability is to be allocated among the parties [to the third-party claim] proportionately to their comparative degree of fault in actions for equitable implied indemnity *premised on the negligent breach of a duty between the indemnitor and the indemnitee.* * * * Under this modified or partial form of equitable implied indemnity, the distinctions of "active" and "passive" negligence, while no longer determinative of the ability to seek indemnity, are factors to be weighed by the jury in assessing the percentage of fault of the parties [to the third-party claim]. Typically, a jury would be instructed, in a third-party action, that if the third-party defendant is found to have performed certain acts or omissions constituting negligence for which indemnity is permitted as a matter of law, Restatement of Torts (Second), supra at § 886B(2), and those acts or omissions contributed to cause the injuries and damage to the original plaintiff, then the third-party plaintiff should be awarded partial indemnity. * * * The partial indemnity award is a proportion of the total sum paid by the third-party plaintiff to the original plaintiff

(d) Each defendant is liable only for that proportion of the total dollar amount determined as damages under paragraph (b)(i) or

(ii) of this section in the percentage of the amount of fault attributed to him under paragraph (b)(i) or (ii) of this section.

corresponding to the degree of fault of the third-party defendant.

*Schneider Nat., Inc.*, 843 P.2d at 578–79 (emphasis added and footnotes omitted). The crux of our holding was that the focus of a third-party claim for indemnity is not the percentage of fault between all the "actors," as is a comparative fault determination in the underlying action, but a comparison of fault between the third-party plaintiff and the third-party defendant premised on an independent duty. Therefore, to state a third-party claim for equitable implied indemnity, the third-party plaintiff must allege: (1) an independent relationship with the third-party defendant; (2) negligent breach by the third-party defendant of the duty created by the independent relationship; (3) under circumstances falling within the situations addressed in Restatement Torts (Second) § 886B(2); and (4) that **the breach of the duty to the third-party plaintiff** contributed to cause the injuries and damage to the original plaintiff. *Schneider Nat., Inc.*, 843 P.2d at 572, 575–79.

In other words, in order to fully apportion the "fault" of an "actor" who is a third-party defendant where each of these elements are present, the jury must consider the consequences arising from two separate claims: (1) the breach of duty of all the actors to the plaintiffs in the original suit,[3] and (2) the breach of an independent duty to the third-party plaintiff. If a third-party claim is not allowed, the jury will not have an opportunity to determine whether the third-party defendant (the indemnitor) negligently breached a separate duty to the third-party plaintiff (the indemnitee), and whether **that breach of duty** is the source of some, or all, of the damages owed by the third-party plaintiff to the original plaintiffs. Consequently, unless the third-party claim is viable, a third-party defendant is unjustly enriched to the extent

that its negligent performance of duties owed to the third-party plaintiff is not determined in the underlying action.

 In the case before us, the district court dismissed Diamond Surface's contractual indemnity claim based on the comparative fault statute. The district court then dismissed the equitable implied indemnity claim because "[i]mplied theories of indemnity are not viable in the face of an express indemnity agreement." *Wyoming Johnson, Inc. v. Stag Industries, Inc.*, 662 P.2d 96, 101 (Wyo.1983). However, our holding in *Schneider Nat., Inc.* did not limit third-party claims for indemnity to only "equitable" claims. *Schneider Nat., Inc.*, 843 P.2d at 571 n. 8. While it is true that equity cannot be utilized to expand or modify the express intentions of the parties, logic dictates that the same principles which support an equitable claim may be encompassed within the terms of a contract.

Here, the contractual indemnity provision unquestionably cemented an independent relationship in which the subcontractor, Brasel & Sims, assumed the duty to comply with all safety rules as well as full responsibility for the safety of its employees. It is also undisputed that Brasel & Sims agreed to indemnify Diamond Surface for **all** loss or expense claimed to be "due to the acts or negligence of the subcontractor, his agents, or employees." Diamond Surface alleges that Brasel & Sims breached its contractual duties by its negligent conduct, thus exposing Diamond Surface to possible liability to the original plaintiffs for which it may seek indemnity as a matter of law.[4] Thus, Diamond Surface has alleged each element of a third-party claim for indemnity. If Diamond Surface is successful in proving its claims, Brasel & Sims' liability is limited to that part of the damages apportioned to Diamond Surface in

---

**3.** The parties devoted substantial attention to the alleged nature of the duty owed by the contractor to the employees of the subcontractor. This is a subject which has not been decided by the district court at this point in the proceedings and we do not reach it here.

**4.** Diamond Surface argues that the original complaint alleges that Diamond Surface breached a non-delegable duty, thus creating vicarious liabil-

ity under Restatement of Torts (Second) § 886B(2)(a). Diamond Surface also alleges that Brasel & Sims "created a dangerous condition of land or chattels as a result of which both [Diamond Surface and Brasel & Sims] [are] liable to the third person" under Restatement of Torts (Second) § 886B(e). We do not decide here the viability of the original plaintiffs' claims against Diamond Surface.

the underlying action caused by Brasel & Sims' breach of the duty owed to Diamond Surface. As such, Brasel & Sims is indemnifying Diamond Surface according to the contractual terms.

 In *Schneider Nat., Inc.*, we stated that "[u]nder ideal circumstances, equitable implied indemnity claims will be determined as cross-claims * * * or third-party proceedings * * * while the original plaintiff seeks damages from all causally responsible actors in a single proceeding." *Schneider Nat., Inc.*, 843 P.2d at 579. However, we perceive the situation before us to be amenable to a bifurcated process or separate trials. To avoid confusion of issues, the jury should first determine the liability of Diamond Surface, if any, to the original plaintiffs. A second phase addressing the elements of the indemnity claim would be necessary only if Diamond Surface is found liable in the first phase. Assuming a second phase is necessary, and the jury finds that Brasel & Sims' negligent conduct breached a duty owed to Diamond Surface, the jury would then apportion the percentage of the sum paid to the original plaintiffs by Diamond Surface to the degree that Brasel & Sims' breach of its contractual duty caused Diamond Surface's liability. Bifurcation would provide additional assurance that the "fault" associated with the separate duties owed to the original and third-party plaintiffs would not overlap in an award of damages.

 We therefore reverse the district court's dismissal of Diamond Surface's claim for contractual indemnity. However, we affirm the district court's dismissal of Diamond Surface's independent claim for negligence,

as this is a necessary element of the indemnity claim and therefore subsumed therein. The third-party claim for equitable implied indemnity was also properly dismissed as indemnity is expressly provided for in the contract between the parties and its parameters are derived from the specific language of the contract. *Schneider Nat., Inc.*, 843 P.2d at 573.

## V. CONCLUSION

The language of the Wyoming Underground Facilities Notification Act does not contain a direct waiver of sovereign immunity, and therefore, in the absence of any waiver pursuant to the Wyoming Governmental Claims Act, the State is immune from suit. Consequently, we reverse the district court's denial of summary judgment and remand for entry of judgment in favor of the State in Case No. 97–21.

We affirm the district court's dismissal of the third-party claims for negligence and equitable implied indemnity in Case No. 97–52. However, the third-party claim for contractual indemnity, on its face, asserts a viable claim for indemnity for the negligent breach of the duty owed by Brasel & Sims to Diamond Surface. We reverse the dismissal of the third-party claim for express contractual indemnity and remand for disposition in accordance with this opinion.