2006 WY 91

HABCO, a Colorado corporation; and Harlan Hodge, Appellants (Plaintiffs),

v.

L & B OILFIELD SERVICE, INC., a Wyoming corporation; and Rim Operating, Inc., a Colorado corporation, Appellees (Defendants).

No. 05–216.

Supreme Court of Wyoming.

July 28, 2006.

Representing Appellants: Patrick T. Holscher of Schwartz, Bon, Walker & Studer, LLC, Casper, Wyoming.

Representing Appellee L & B Oilfield Service, Inc.: James R. Bell of Murane & Bostwick, LLC, Casper, Wyoming.

Representing Appellee Rim Operating, Inc.: Thomas F. Reese and Mistee L. Godwin of Brown, Drew & Massey, LLP, Casper, Wyoming. Argument by Mr. Reese.

Before VOIGT, C.J., and GOLDEN, HILL,* KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] After settling a personal injury lawsuit, Habco and Harlan Hodge brought the instant suit against L & B Oilfield Service, Inc. (hereinafter "L & B") and RIM Operating, Inc. (hereinafter "RIM") presenting, among other claims, a claim for indemnification under the doctrine of equitable implied indemnity. The district court granted summary judgment to both L & B and RIM, respectively, on the equitable implied indemnity claim. We hold that, under the facts of this case, Habco and Hodge cannot sustain their claim for equitable implied indemnity against either L & B or RIM. The order of the district court is affirmed.

---

\* Chief Justice at time of oral argument

1. Habco's brief is seriously deficient in regard to its record cites. Habco directs the attention of this Court to 100 or more pages in the record for support of almost every factual allegation. Further, Habco's voluminous citations are mostly citations to deposition transcripts that are printed in condensed format. The condensed format is four transcript pages per printed page. Thus, Habco's citations to hundreds of pages in the record are actually quadrupled for transcript

## ISSUES

[¶ 2] Habco presents two issues for this Court's consideration:

1. Did the district court err in finding that the doctrine of implied equitable indemnity did not apply to the subject case such that indemnity did not arise in the relationship between L & B Oilfield Service, Inc. and Habco?

2. Did the district court err in finding that the doctrine of implied equitable indemnity did not apply to the subject case such that indemnity did not arise in the relationship between RIM, Inc. and Habco?

## FACTS

[¶ 3] The material facts, as apply to this appeal, are not in dispute. Indeed, the material facts primarily can be taken from Habco's amended complaint.[1] RIM owned a well site that forms the backdrop of the instant case. Charles Johnson is RIM's field supervisor. RIM contracted with L & B to provide certain equipment and services to RIM, including a water truck for field operations. Charles Johnson is the principal for L & B.

[¶ 4] In February 1999, RIM contracted with a company named H & R Well Service (hereinafter "H & R") to provide plugging and abandoning operations on certain oil and gas wells. H & R, in turn, hired Habco as a subcontractor. Habco, through its sole shareholder and employee, Harlan Hodge, provided supervisory services and otherwise helped coordinate H & R's field operations. (Habco and Hodge will hereinafter be referred to collectively as "Habco.")

[¶ 5] Bryan Johnson is Charles Johnson's son. Bryan, earlier an employee of L & B, at the time of the accident was employed by RIM. On February 19, 1999, Bryan drove L

pages. This presentation is a clear violation of W.R.A.P. 7.01(e)(2) which requires a statement of facts be supported by appropriate references to the record on appeal. *Davis v. Big Horn Basin Newspapers, Inc.*, 884 P.2d 979, 983 (Wyo.1994). Were we not able to discern the material facts from Habco's amended complaint, we would be inclined to summarily affirm the district court's order as a consequence of Habco's blatant violations of our court rules.

& B's water truck to the well site. Bryan was severely injured in an accident involving the water truck. While not in the amended complaint, it is undisputed that Hodge was on site when the accident occurred and was overseeing Bryan's operation of the water truck.

[¶ 6] In 2002, Bryan sued H & R and others, including Habco. Neither RIM nor L & B were parties to the suit. Habco eventually settled with Bryan. Habco then brought the instant action seeking indemnification from RIM and L & B respectively. RIM and L & B both moved for summary judgment, which the district court granted, finding that Habco failed to demonstrate an independent relationship sufficient to support a claim of equitable implied indemnity existed between Habco and either L & B or RIM.[2]

## DISCUSSION

### Standard of Review

[¶ 7] This Court reviews a grant of summary judgment de novo without giving any deference to the district court's determinations. In reviewing a district court's grant of summary judgment, this Court has before it the same materials as the district court and it employs the same standards as used by the district court. We examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. *Burnett v. Imerys Marble, Inc.*, 2005 WY 82, ¶ 10, 116 P.3d 460, 462 (Wyo. 2005); *Act I, LLC v. Davis*, 2002 WY 183, ¶ 9, 60 P.3d 145, 148 (Wyo.2002). Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c).

### Equitable Implied Indemnity

[¶ 8] Equitable implied indemnity is a restitution concept that permits shifting costs where failing to do so would result in unjust enrichment of one party at the ex-

pense of another. *Gainsco Ins. Co. v. Amoco Production Co.*, 2002 WY 122, ¶¶ 54–55, 53 P.3d 1051, 1067 (Wyo.2002). To state a claim for equitable implied indemnity, the proposed indemnitee must allege: (1) an independent legal relationship with the proposed indemnitor; (2) negligent breach by the proposed indemnitor of the duty created by the independent relationship; (3) under circumstances falling within the situations addressed in Restatement Torts (Second) § 886B(2); and (4) that the breach of the duty to the proposed indemnitee contributed to cause the injuries and damage to the injured party. *Diamond Surface, Inc. v. Cleveland,* 963 P.2d 996, 1003 (Wyo.1998); *Schneider Nat., Inc. v. Holland Hitch Co.,* 843 P.2d 561, 575–79 (Wyo.1992).

[¶ 9] As can be seen, a prerequisite to a claim for equitable implied indemnity is the existence of an independent legal relationship between the proposed indemnitor and the proposed indemnitee:

> As a departure point, the maxim discloses the need for an independent legal relationship between the party seeking indemnity and the party from whom indemnity is sought. The independent legal relationship is one under which the indemnitor owes a duty ... [in] tort to the indemnitee apart from the joint duty they owe to the injured party.

*Schneider,* at 572–73 (internal citations and quotation marks omitted). The district court held that Habco failed to meet this first element with respect to both L & B and RIM. We agree.

[¶ 10] Habco focuses its attention on the alleged breaches of duty owed by L & B and RIM, respectively, to Bryan. The district court correctly pointed out that Habco's focus is on the wrong relationships. Habco must allege, and present a material issue of fact, regarding an independent legal relationship between itself and L & B and RIM, respectively, giving rise to a duty by them to Habco, apart from their duties to Bryan. *Diamond Surface, Inc.,* 963 P.2d at 1002–03 (a successful action for equitable implied in-

---

2. L & B filed a motion to dismiss, which all parties agreed was converted to a motion for summary judgment by operation of W.R.C.P. 12(c).

demnity requires that an indemnitor must have negligently breached a separate duty owed to the indemnitee).

[¶ 11] Far from establishing a separate legal relationship between itself and L & B or RIM, in its amended complaint Habco alleges that RIM hired H & R to provide plugging and abandoning operations on certain oil and gas wells. H & R, in turn, contracted with Habco. Habco provided "supervisory services, through its sole employee, Harlan Hodge, for H & R operations.... HABCO [sic] was additionally to secure the services of other contractors, as necessary, in order that the H & R contract could be fulfilled." In other words, Habco was at the well site as a subcontractor of H & R. Any services procured by Habco were procured on behalf of H & R. Accordingly, by its own pleading, there was no direct relationship between Habco and L & B or RIM.

 [¶ 12] In an attempt to support the existence of an independent legal relationship, on appeal Habco argues that RIM and L & B owed general duties of care to everyone present at the well site. For instance, Habco argues that RIM, as the owner of the well site, owed a duty to all invitees to maintain the premises in a reasonably safe condition. However, broad, general duties of care, owed by all, do not establish the type of independent legal relationship required to maintain an action for equitable implied indemnity. To establish a claim for equitable implied indemnity, there must be some form of legal relationship between the parties beyond the relationship established by virtue of one party alleging that he was sued because of another party's wrongdoing. What is necessary is a specific duty owed by a proposed indemnitor to a proposed indemnitee. Ultimately, Habco has failed to identify any independent legal relationship between itself and either L & B or RIM that would give rise to

a duty by either L & B or RIM to indemnify Habco.[3]

## CONCLUSION

[¶ 13] Habco did not plead any independent legal relationship with L & B or RIM, nor did it present any material facts which would permit a finding that any relationship that might have existed between itself and L & B or RIM in any way gave rise to a right of indemnity. On the contrary, Habco simply alleges that L & B and RIM's acts were negligent towards Bryan and the world in general. Habco's claims for equitable implied indemnification against L & B and RIM, respectively, cannot be sustained under the instant facts and circumstances. The order of the district court is affirmed.

---

3. Habco, by its presentation in its brief, essentially admits its inability to precisely identify an independent legal relationship with either L & B or RIM. As already noted, Habco repeatedly cites to hundreds of pages in the record to support its facts and allegations, including its proposition that "a relationship of some sort did exist." Habco states that a review of the "massive amounts of material" is necessary in order to

fully understand the relationship between the parties. It is Habco's responsibility to fully understand the relationship between the parties and detail it for this Court. This Court will not engage in a fishing expedition through an entire record in order to determine if an appropriate independent legal relationship existed and thereby make Habco's case for it.